IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-00374 |
| | § | |
| ELITE COIL TUBING SOLUTIONS, | § | |
| LLC, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This contract case is before the Court on the Amended Partial Motion to Dismiss [Doc. # 36]  ("Motion") filed by Plaintiff National Oilwell Varco, L.P. ("Plaintiff") seeking dismissal of Defendant's counterclaims based on tort and/or on Louisiana law.  Defendant Elite Coil Tubing Solutions, LLC ("Defendant") filed a Response [Doc. # 37], and Plaintiff filed a Reply [Doc. # 38].  Defendant filed a Response to Plaintiff's Reply [Doc. # 39] ("Sur-Reply").  Having considered the parties' arguments, the record, and applicable legal authorities, the Court **denies** the Motion.  The Court cannot decide on the record before it whether Texas or Louisiana law applies, and there is a genuine issue of material fact whether Defendant's tort causes of action raised in the Counterclaim are barred by the Economic Loss Rule.

## I.   <u>BACKGROUND</u>

On January 23, 2013, Plaintiff filed a petition in the 333rd Judicial District Court of Harris County, Texas [Doc. # 1-4], alleging that Defendant breach its contract with Plaintiff by failing to pay for pipe it purchased from Plaintiff. Defendant filed a notice of removal on February 13, 2013. Notice of Removal [Doc. # 1].   On May 13, 2013, Defendant filed a Counterclaim [Doc. # 21].   In its Counterclaim, Defendant alleges that some of the pipe that Plaintiff provided to Defendant failed and caused Defendant to incur damages.  It alleges counterclaims for breach of express warranties, breach of the implied warranty of fitness for a particular purpose, breach of the implied warranty of merchantability, products liability under Louisiana law, negligence, gross negligence, recklessness, imprudence, and lack of proper skill.  *Id.* at 5-12.  The allegedly defective pipe was sold under one invoice for $253,182.75; the Counterclaims do not relate to the remaining twenty-one invoices, which total $276,226.01.  *See* Motion, at 2 n.2.

On June 19, 2013, Plaintiff filed its First Amended Complaint [Doc. # 33] ("Complaint").  The next day, Defendant filed an Answer to the Amended Complaint [Doc. # 34] ("Answer").  Plaintiff filed a Partial Motion to Dismiss [Doc. # 35] on July 12, 2013, and the pending Amended Motion on July 17, 2013, seeking dismissal of Defendant's tort law and Louisiana law counterclaims.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint or counterclaim must be liberally construed in favor of the party asserting the claim, and all facts pleaded must be taken as true. *Harrington*, 563 F.3d at 147.  The claim, however,  must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the pleader is entitled to relief under a valid legal theory.  *See Neitzke v. Williams* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### B.   Choice of Law

Plaintiff argues that Texas law applies and seeks to dismiss "Defendant's causes

of action based on tort and/or based on the laws of the state of Louisiana."  Reply, at

3.  Plaintiff does not specify which counterclaims it challenges.  Defendant contends

that Plaintiff's Motion is premature because little, if any, discovery has been

conducted and the facts relevant to the pertinent legal test are in dispute.  Response,

at 9-10; Sur-Reply, at 4-5.

        "In making a choice of law determination, a federal court exercising diversity

jurisdiction must apply the choice of law rules of the forum state."  *Mayo v. Hartford*

*Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004).  When deciding choice of law issues,

Texas courts apply the "most significant relationship" test from the Second

Restatement of Conflict of Laws (the "Second Restatement").  *Benchmark Elecs., Inc.*

*v. J.M. Huber Corp.*, 343 F.3d 719, 727 (5th Cir. 2003) (citing *Hughes Wood Prods.*

*Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000)).  "The choice of law is evaluated

issue by issue."  *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d

185, 191 (5th Cir. 2010) (citing  *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421

(Tex. 1984)).  "Application of the most significant relationship analysis turns on the

qualitative nature of the particular contacts with a state rather than the mere number

of those contacts."  *Bailey*, 609 F.3d at 723 (citing *Gutierrez v. Collins*, 583 S.W.2d

312, 319 (Tex. 1979); *see also Duncan*, 665 S.W.2d at 421.

        The parties brief choice of law issues only for contract claims, relying solely

on Section 188(2) of the Second Restatement.   The challenged counterclaims, however, primarily involve tort causes of action.  Section 188(2) does not apply to tort-based claims.  *Compare McFadin v. Gerber*, 587 F.3d 753, 761 n.19 (5th Cir. 2009) (applying sections 6 and 188(2) of the Second Restatement to contract claims), *with Benchmark Elecs., Inc.*, 343 F.3d at 727 (holding that "Texas courts apply the Restatement section specifically addressed to the issue at hand" and that sections 6 and 145(2) applied to the tort claims there involved (citing *Hughes Wood Prods. Inc.*, 18 S.W.3d at 205)).  Instead, in tort cases, courts consider the factors, or "contacts," listed in section 145(2) of the Second Restatement and the general choice of law principles set forth in section 6 of the Second Restatement.  SECOND RESTATEMENT §145(2); *see also In re Mirant Corp.*, 675 F.3d 530, 536 (5th Cir. 2010) (citing *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979)).  The pertinent contacts under section 145(2) are "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."   SECOND RESTATEMENT § 145(2).

Under section 6, the factors generally relevant to the choice of law include:

(a)      the needs of the interstate and international systems,
(b)      the relevant policies of the forum,

> (c)  the relevant policies of other interested states and the relative interests of
> those states in the determination of the particular issue,
> (d)  the protection of justified expectations,
> (e)  the basic policies underlying the particular field of law,
> (f)  certainty, predictability, and uniformity of result, and
> (g)  ease in the determination and application of the law to be applied.

*Id.* § 6.  Additionally, section 147 of Second Restatement pertains to injury to land or

other tangible things, and thus contains principles potentially relevant in this case.

Section 147 provides:

> In an action for an injury to land or other tangible thing, the local law of the
> state where the injury occurred determines the rights and liabilities of the
> parties unless, with respect to the particular issue, some other state has a more
> significant relationship under the principles stated in § 6 to the occurrence, the
> thing and the parties, in which event the local law of the other state will be
> applied.

*Id.* § 147.  "These contacts are to be evaluated according to their relative importance

with respect to the particular issue."  SECOND RESTATEMENT § 145(2).[1]

## III.  ANALYSIS

### A.  Choice of Law

There are fact issues that preclude a ruling on key factors of Second

Restatement § 145(2). The Court cannot decide on the current record whether Texas

---

[1]  The parties agree that there is a conflict between Texas and Louisiana law in regard
to the Economic Loss Rule.  *See* Reply, at 7-8; Sur-Reply at 6; *see also infra* pp. 8-10
(explanation of the Economic Loss Rule).  Texas law applies the Rule, while
Louisiana does not.

or Louisiana law governs.

Certain factors are not difficult. For instance, the place the injury occurred is Texas because Plaintiff and Defendant agree that the product failed while installed in equipment in Texas.  *See* Motion, at 6; Sur-Reply, at 4-5.  However, the parties have supplied no evidence to support their differing contentions regarding the second and fourth factors. It is unclear from the record where the conduct causing the injury occurred or where the relationship between the parties is centered.  On the one hand, Plaintiff admits the contract between the parties was negotiated and executed both in Texas and in Louisiana, *see* Reply, at 6, but contends that the product at issue was manufactured, assembled, ordered, used, and ultimately failed in Texas.  *See* Complaint, at 2-3; Motion, at 6.  Defendant disagrees, *see* Answer, at 3, and argues, *inter alia*, the product was used and contracted for in both Louisiana and Texas, negotiations occurred mainly in Louisiana, Defendant advertised the product in Louisiana, the product was kept and insured in Louisiana, Defendant sold the product to a Louisiana customer, Defendant delivered the product for use in Louisiana, and the damages occurred in Louisiana.  Sur-Reply, at 4-5.

The third factor, the place of business of the parties, indicates contacts with both Texas and Louisiana.  Plaintiff's principal place of business is in Texas, and Defendant's principal place of business is in Louisiana.  Exhibit A, Doc. #33-1, at 1-

10; Motion, at 6; Sur-Reply, at 4-5.  Finally, neither party has addressed the factors

in Second Restatement §§ 6 or 147.  Accordingly, the Court lacks the evidence

necessary to resolve these disputes and to apply the most significant factor test.  *See*

*Floyd v. CIBC World Markets, Inc.*, 426 B.R. 622, 641 (S.D. Tex. 2009).  Therefore,

the Motion to Dismiss is denied as to Defendant's tort causes of action asserted in the

Counterclaim.[2]

---

[2]    Plaintiff's Motion does not address Defendant's Louisiana-based redhibition counterclaim.  To the extent Plaintiff seeks to dismiss this counterclaim, its Motion is denied.  A redhibtion claim may sound in both contract and tort.  *Sarpy v. Exxon Mobil Corp.*, 2009-C-0945 (La. App. 4 Cir. 9/23/09); 2009 WL 8685070, at *6 (citing *Reeves v. Dixie Brick, Inc.*, 14577 (La. App. 2 Cir. 8/25/81); 403 So.2d 792); *see also Datamatic, Inc. v. Int'l Bus Machs. Corp.*, 795 F.2d 458, 461 (5th Cir. 1986) (explaining that is it unclear whether a redhibition claim is treated like a tort or contract claim for conflicts analysis).  To the extent the claim sounds in tort, Plaintiff's Motion is denied for the reasons discussed previously.  To the extent it sounds in contract, the Court preliminarily considers the factors listed in section 188(2) of the Second Restatement in order to apply the general choice of law principles set forth in section 6 of the Second Restatement.  RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(2); *see also McFadin v. Gerber*, 587 F.3d 753, 761 n.19 (5th Cir. 2009).  The pertinent contacts under section 188 are "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and  (e) the domicile, residence, nationality, place of incorporation and place of business of the parties."  RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(2); *see also Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 723 (5th Cir. 2010); *Advanced Envtl. Recycling Techs. Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 399 F. App'x 869, 872 n.1 (5th Cir. 2010) (unpublished) (citing Sonat Exploration Co., 271 S.W.3d at 231).  "These contacts are to be evaluated according to their relative importance with respect to the particular issue."  RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(2).

On the redhibition claim, all but one of the section 188(2) factors are either in dispute or demonstrate contact with *both* Texas and Louisiana.  The first, second, and fifth
(continued...)

### B.  Economic Loss

Even assuming Texas Law applies, the Economic Loss rule does not bar Defendant's Counterclaims.  "The economic loss rule applies when losses from an occurrence arise from failure of a product and the damage or loss is limited to the product itself." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 415 (Tex. 2011) (citing *Equistar Chems. L.P. v. Dresser–Rand Co.*, 240 S.W.3d 864, 867 (Tex. 2007)); *see also Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).  Accordingly, when the failure of a product is at issue,  recovery is generally limited to remedies grounded in contract, rather than tort.  *Sharyland*, 354 S.W.3d at 415.  Economic losses can be either direct, "measured by costs of replacement and repair," or consequential, "all indirect loss, such as loss of profits resulting from inability to make use of the defective product." *Hininger v. Case Corp.*, 23 F.3d 124, 126 (5th Cir. 1994) (citing *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 78 n.1 (Tex.1977)).

---

[2]      (...continued)
factors indicate contacts with Texas and Louisiana equally.  Both parties agree that negotiations and contracting occurred in both Louisiana and Texas.  *See* Sur-Reply, at 4-5; Reply, at 6.  Plaintiff's principal place of business is in Texas, and Defendant's principal place of business is in Louisiana.  Exhibit A, [Doc. #33-1], at 1-10; Motion, at 6; Sur-Reply, at 4-5. Regarding the third and fourth factors, the record is unclear about the place of performance or the location of the subject matter of the contract.  Accordingly, the Court lacks the evidence necessary to determine whether Louisiana or Texas law applies.

The economic loss rule does not bar a party from recovering economic losses to "other property."  *See, e.g.*, *Am. Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142, 144 (5th Cir. 1995) (citing *Mid Continent Aircraft Corp. v. Curry Cnty. Spraying Serv., Inc.*, 572 S.W.2d 308 (Tex. 1978)); *Two Rivers Co. v. Curtiss Breeding Serv.*, 624 F.2d 1242, 1246-47 (5th Cir. 1980).  When a product or machinery is damaged by the failure of a component part, the product or machinery is considered "other property" when "the parties bargained separately for individual components" of the product or machinery.  *See Am. Eagle Ins. Co.*, 48 F.3d at 145 (citing *Shipco 2295, Inc. v. Avondale Shipyards, Inc.*, 825 F.2d 925 (5th Cir.1987)).  In such a case, the injury is not "only the economic loss to the subject of the contract itself."  *See Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)).  Additionally, damage to property owned by a third party for which a party subsequently becomes legally responsible does not constitute "other property."  *Am. Eagle Ins. Co.*, 48 F.3d at 145 (citing *Signal Oil & Gas Co. v. Universal Oil Prods.*, 572 S.W.2d 320, 325 (Tex. 1978)).  The property must be owned by the party to constitute "other property."  *Id.*

Defendant alleges the failure of the pipe at issue caused damages beyond damage to the pipe itself.  Defendant alleges that, when the pipe allegedly failed, it

was inside a coil tubing unit, and that the pipe failure also damaged the coil tubing unit.  *See* Counterclaim, at 5. Ownership of the coil tubing unit is not clear from the record.  Nor is it clear whether the parties bargained for the pipe separately from the coil tubing unit.  Accordingly, there is a genuine issue of material fact concerning whether Defendant's tort counterclaim causes of action are barred by the Economic Loss Rule.  The Court therefore denies the Motion on this ground.

## V.   <u>CONCLUSION</u>

The parties have not presented meaningful evidence to assist the Court in choosing the applicable governing law. Also, if Texas law applies, there are genuine issues of material fact regarding whether Defendant's tort-based counterclaims are barred by the Economic Loss Rule.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Amended Partial Motion to Dismiss [Doc. # 36] is **DENIED without prejudice**.

SIGNED at Houston, Texas, this <u>3rd</u> day of **September, 2013**.

Nancy F. Atlas
United States District Judge